IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL L. REED, )
)
    Petitioner, )
)
v. ) No. 07-cv-318-JPG
)
UNITED STATES OF AMERICA, )
)
    Respondent. )

## **MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Michael L. Reed's ("Reed") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). The government has responded to the motion (Doc. 5).

**I.    Background**

In April 2004, Reed was indicted on one count of conspiring to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) & 846, and on May 24, 2005, Reed pled guilty without a plea agreement to that charge. On October 7, 2005, the Court held a sentencing hearing at which it heard testimony regarding whether Reed had used a minor in his methamphetamine conspiracy. At the hearing, Detective Ryan Sykes testified that Travis Bramlett had stated in an interview that Reed had given him filters used in the production of methamphetamine when Bramlett was a minor. In contrast, Bramlett testified at the hearing that he had not made that statement and that Reed had not given him the filters. The Court found Detective Sykes to be credible and accordingly assessed Reed two offense level points under United States Sentencing Guidelines Manual ("U.S.S.G.") § 3B1.4 for using a minor in the commission of the offense. Reed's advisory sentencing guideline range was therefore established at 87 to 108 months, and the Court sentenced him to serve 96 months in prison. Without the

imposition of the enhancement, Reed's advisory sentencing guideline range would have been 70 to 87 months.

Reed appealed to the Seventh Circuit Court of Appeals arguing that the Court erred in crediting Sykes's testimony over Bramlett's and therefore erred in imposing the two-point enhancement. The Court of Appeals affirmed Reed's conviction and sentence on December 18, 2006. *United States v. Reed*, No. 05-4028, 2006 WL 3724218 (7th Cir. Dec. 18, 2006) (unpublished decision). Reed did not file a petition for a writ of *certiorari* from the Supreme Court.

On April 26, 2007, Reed filed a timely § 2255 motion arguing (1) that his counsel was constitutionally ineffective in failing to properly research the government's claims and statements of witnesses; (2) that the prosecutor acted improperly in submitting to the Court knowingly erroneous witness statements; and (3) that he was denied due process when the Court improperly imposed the two-point offense level enhancement under U.S.S.G. § 3B1.4. The government contends Reed's allegations are too vague and, to the extent they relate to the conflicting witness testimony at sentencing, they are meritless.

## II.  § 2255 Standards

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate

that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

A § 2255 motion does not substitute for a direct appeal. A defendant cannot raise in a § 2255 motion constitutional issues that he could have but did not raise in a direct appeal unless he shows good cause for and actual prejudice from his failure to raise them on appeal or unless failure to consider the claim would result in a fundamental miscarriage of justice. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000); *Prewitt*, 83 F.3d at 816.

Neither is a § 2255 motion necessarily a second chance at a successful appeal. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007). The Court may refuse to consider issues in a § 2255 motion that a defendant raised on direct appeal where there are no changed circumstances of fact or law. *Id.*; *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995); *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992).

The failure to hear a claim for ineffective assistance of counsel in a § 2255 motion is generally considered to work a fundamental miscarriage of justice because often such claims can be heard in no other forum. They are rarely appropriate for direct review since they often turn on events not contained in the record of a criminal proceeding. *Massaro*, 538 U.S. at 504-05; *Fountain*, 211 F.3d 433-34. In addition, the district court before which the original criminal proceedings occurred, not an appellate court, is in the best position to initially make the determination about the effectiveness of counsel in a particular proceeding and potential prejudice that stemmed from that performance. *Massaro*, 538 U.S. at 504-05. For these reasons, ineffective assistance of counsel claims, regardless of their substance, may be raised for the first time in a § 2255 petition.

3

**III. Analysis**

    A. <u>Ineffective Assistance of Counsel</u>

It appears Reed faults his counsel for failing to do more research and investigate more evidence. He apparently believes that, as a consequence, he did not receive the assistance of counsel guaranteed by the Sixth Amendment. Presumably Reed is referring to his counsel's failure to successfully counter Detective Sykes's testimony regarding Bramlett's prior statement. To the extent Reed intends to reference some other area of alleged deficiency, his motion is too vague to mount a sufficient challenge.

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective* assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970). A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000).

To satisfy the first prong of the *Strickland* test, the plaintiff must direct the Court to specific acts or omissions of his counsel. *Fountain*, 211 F.3d at 434 (citing *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995)). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the range of professionally competent assistance. *Id.* The Court's review of counsel's performance must be "highly deferential[,] . . . indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Counsel's performance must be evaluated

keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. *Id.* The Court cannot become a "Monday morning quarterback." *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).

To satisfy the second prong of the *Strickland* test, the plaintiff must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Fountain*, 211 F.3d at 434; *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006). "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome." *Adams*, 453 F.3d at 435 (citing *Strickland*, 466 U.S. at 694).

An attorney has "a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691; *accord Wiggins v. Smith*, 539 U.S. 510, 521 (2003); *Adams*, 453 F.3d at 436. When a petitioner accuses his counsel of failing to investigate his case, in order to establish prejudice he must point to "sufficiently precise information, that is, a comprehensive showing as to what the investigation would have produced." *Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003) (internal quotations and citation omitted); *accord Richardson v. United States*, 379 F.3d 485, 488 (7th Cir. 2004). He cannot rely on vague allegations that the investigation was insufficient or would have yielded favorable evidence. *See Hardamon*, 319 F.3d at 951.

Similarly, when a § 2255 petitioner faults his attorney for failing to object or present evidence at trial or at sentencing, he bears the burden of demonstrating what evidence the attorney should have presented and that the presentation of such evidence had a reasonable probability of changing the result. *Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005); *Berkey v. United States*, 318 F.3d 768, 774 (7th Cir. 2003).

In this case, Reed has failed to demonstrate prejudice from his counsel's alleged

5

shortcomings in his research, investigation and presentation of evidence relating to the question of whether to impose the two-point enhancement under U.S.S.G. § 3B1.4. Reed has not pointed to any specific research his counsel could have done or specific evidence his counsel could have discovered and presented to the Court that would have created a reasonable probability that the Court would have made a different credibility finding at the sentencing hearing and imposed a lower sentence. As it was, counsel made a valiant effort with the available evidence to convince the Court not to impose the enhancement. That he did not succeed in convincing the Court to adopt his position does not render him ineffective. Accordingly, the Court rejects this basis for § 2255 relief.

B.  Prosecutorial Misconduct

It appears Reed believes the government knowingly and willfully presented false testimony causing Reed to receive a higher sentence than he otherwise would have gotten. Again, presumably this argument relates to the sentencing hearing and the government's use of Detective Sykes's testimony.

A prosecutor's knowing use of false testimony violates the due process clause. *Shasteen v. Saver*, 252 F.3d 929, 933 (7th Cir. 2001); *Anderson v. United States*, 403 F.2d 451, 454 (7th Cir. 1968) (citing *Mooney v. Holohan*, 294 U.S. 103, 112 (1935)). In the context of a trial, "[w]hen the defendant argues that the government allegedly used perjured testimony, to warrant setting the verdict aside and ordering a new trial, the defendant must establish that: (1) the prosecution's case included perjured testimony; (2) the prosecution knew or should have known of the perjury; and (3) there is a reasonable likelihood that the false testimony could have affected the judgment of the jury . . . . 'Mere inconsistencies in testimony by government witnesses do not establish the government's knowing use of false testimony.'"*Shasteen*, 252 F.3d at 933 (quoting *United States*

*v. Verser*, 916 F.2d 1268, 1271 (7th Cir. 1990)). The test is similar for the government's use of witnesses at other stages of a criminal prosecution, including sentencing hearings.

In this case, Reed has alleged nothing more than a mere inconsistency in testimony by witnesses at the sentencing proceeding. He has not alleged anything to establish that Detective Sykes's testimony was perjurious simply because it conflicted with Bramlett's testimony, and has certainly not offered any support for his accusation that the government called Detective Sykes as a witness knowing he would testify falsely. In fact, the Court heard the conflicting testimony and resolved the conflict by determining that Detective Sykes was telling the truth and Bramlett was not. Because Reed has simply alleged nothing amounting to this sort of prosecutorial misconduct, the Court rejects this basis for § 2255 relief.

    C.    <u>Offense Level Enhancement</u>

To the extent Reed argues that the Court improperly imposed the two-point offense level enhancement under § 3B1.4 when sentencing him, that issue was raised on direct appeal and decided adversely to Reed. Because Reed has not shown any changed circumstances of fact or law since the Court of Appeals' decision, the Court refuses to reconsider the issue as a basis for § 2255 relief. *See Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007); *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995).

To the extent Reed objects that the use of a minor in the offense was not charged in the indictment, that argument has no merit. Facts supporting sentencing enhancements under the sentencing guidelines do not need to be charged in an indictment. In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court held that "judges may not find facts that increase the maximum punishment and that a mandatory sentencing guidelines scheme violates that rule." *United States v. Robinson*, 435 F.3d 699, 701 (7th Cir. 2006). *Booker* then rendered the

sentencing guidelines advisory to avoid this problem. *Id.* at 701-02. As a consequence, so long as the sentence is within the statutory sentencing range, courts are now clearly permitted "to grant a sentencing enhancement based on facts not charged in the indictment, not proven to a jury beyond a reasonable doubt or not admitted by the defendant." *United States v. Owens*, 441 F.3d 486, 490 (7th Cir. 2006) (citing *Booker*, 543 U.S. at 226-27).

Reed's sentence was within the sentencing range provided by federal statutes. Reed's statutory sentencing range was determined by the charge in the indictment and the amount of drugs he admitted to being involved with – 50 grams or more of methamphetamine. Under 21 U.S.C. § 841(b)(1)(B)(viii), his sentencing range was five to forty years, and his 96-month sentence fell well within that range. As a consequence, relief under § 2255 is not warranted on this basis.

## IV.     Conclusion

For the foregoing reasons, the Court **DENIES** Reed's § 2255 motion (Doc. 1) and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED**
**DATES:  March 18, 2008**

                                        s/ J. Phil Gilbert
                                        **J. Phil Gilbert, District Judge**